NO. 07-00-0439-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 21, 2001



______________________________




VICTOR L. JACKSON , APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 338TH DISTRICT COURT OF HARRIS COUNTY;



NO. 838752; HONORABLE ELSA ALCALA, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 On May 19, 2000, appellant Victor L. Jackson pled guilty to the offense of
aggravated robbery without an agreed recommendation as to punishment. After a pre-sentence investigation was conducted, the court assessed punishment on July 31, 2000,
at ten years confinement in the Institutional Division of the Department of Criminal Justice. 
Appellant gave timely notice of appeal from that conviction. 

 Appellant's appointed counsel has now filed a motion to withdraw together with an
Anders brief. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967). In that brief, she certifies that, after careful examination of the record, she has
concluded that appellant's appeal is without merit. Along with her brief, she has attached
a copy of a letter informing appellant of her intent to withdraw and of his right to file a pro
se brief. Appellant filed several motions for extension of time to file his brief, and the last
extension gave appellant 30 days from June 11, 2001, to file a brief. No such brief was
ever filed, and the State has waived any remaining time in which to file its brief. 

 In considering federal constitutional matters of this type, we face two interrelated
tasks as we consider counsel's motion to withdraw. We must satisfy ourselves that the
attorney has provided the client with a diligent and thorough search of the record for any
arguable claim that might support the client's appeal, and then we must determine whether
counsel has correctly concluded the appeal is frivolous. See McCoy v. Court of Appeals
of Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); High v. State,
573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

 Appellant waived the right to have a court reporter record his plea of guilty, so the
only record before us shows that appellant knowingly and voluntarily waived his right to
trial by jury and pled guilty to the offense. The record also indicates he was properly
admonished. Furthermore, at the sentencing hearing, appellant's counsel called several
witnesses to the stand in an attempt to obtain probation for appellant. However, the court
assessed punishment at ten years confinement, which was within the authorized range of
punishment for the charged offense. Thus, we have made an independent examination
of the record to determine whether there are any arguable grounds which might support
the appeal. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Finding
none, we are in agreement with counsel that the appeal is without merit and is therefore
frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Crim.App. 1974).

 Accordingly, the motion to withdraw is granted, and the judgment is affirmed. 


 John T. Boyd

 Chief Justice


Do not publish. 



alse"
 UnhideWhenUsed="false" QFormat="true" Name="No Spacing"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00177-CV, 07-10-00178-CV, 07-10-00179-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



DECEMBER
10, 2010

 



 

KENNETH GLENN WEBB, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF RANDALL
COUNTY;

 

NOS. 11,994-B, 18-617-B, 18-618-B; HONORABLE JOHN B. BOARD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

By order of this Court, dated May 27,
2010, each of the referenced causes were abated and remanded to the trial court
for a period of 180 days to allow appellant, Kenneth Glenn Webb, time to take
such action as necessary to establish that the appeals were not prematurely
filed or to obtain final, appealable orders. 
To date, Webb has not established that the appeals were not prematurely
filed nor has this Court been provided final, appealable orders.  Consequently, we conclude that the notices of
appeal filed by Webb in these causes were not appeals of final judgments or
orders, that no statutory authority would permit Webb to file interlocutory
appeals on these causes, and that we, therefore, lack jurisdiction to hear
these appeals.

            For
the foregoing reasons, the appeals in the referenced causes are dismissed for
want of jurisdiction.  See Tex. R. App. P. 42.3(a).

 

                                                                        Mackey
K. Hancock

                                                                                    Justice